UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.   )<br>)<br>RYAN LANDERS,   )<br>)<br>Defendant   ) | Crim. Nos. 2:18-cr-37-DBH-01<br>and 2:19-cr-05-DBH |

### DECISION AND ORDER ON AMENDED MOTION FOR COMPASSIONATE RELEASE

Ryan Landers is imprisoned at FMC Devens. On October 28, 2019, I sentenced him to 36 months in prison. Judgment, No. 2:18-cr-37-DBH-01 (ECF No. 152). His projected release date is June 22, 2022. Def.'s Am. Mot. at 2 (ECF No. 168). According to the Revised Presentence Report prepared in connection with his 2019 sentencing, Landers was born in 1981 and is 39 years old. Landers has moved to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i), the so-called compassionate release provision as altered by the First Step Act. Def.'s Am. Mot. at 6. I appointed counsel to assist him.

Section 3582(c)(1)(A)(i), as amended by the First Step Act, allows a judge, without a BOP motion, to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction."[1] Landers says that he

> has a history of cardiac conditions caused by endocarditis that resulted in major surgery to replace a valve in his heart and install a pacemaker. Two months prior to Defendant's sentencing he had an additional surgery to repair an apparent malfunctioning of his pacemaker. Since that surgery Defendant must have his pacemaker regularly

---

[1] Landers has met the requirement that 30 days pass after the Warden receives his request. 18 U.S.C. § 3582(c)(1)(A).

> checked, through a procedure called an interrogation, to ensure that the battery is functioning properly and that the unit is performing its intended function.
> Defendant is currently at FMC Devens serving his sentence in these matters. Defendant has not had any disciplinary issues whi[le] in custody and has received regular medical treatment for his coronary conditions. Defendant is listed as having risk factors for COVID-19 in the form of heart disease.
> Defendant's pacemaker interrogation is conducted by an outside provider through St. Jude's.

Def.'s Am. Mot. at 2-3 (citations omitted).  (I was aware of Landers's heart condition when I sentenced him.)  At the time he filed his Amended Motion, Landers had been told that his "interrogation" was being delayed on account of the pandemic.  Id. at 3.  But it did take place on September 22, 2020, and his primary care physician at Devens reports that he

> has done well with treatment. He currently functions in our general population unit in the prison facility here and is able to manage his activities of daily living independently, is physically active, and works in laundry services. He was seen in our pacemaker clinic on 9/22/20 and his cardiologist noted that his pacer [sic] was functioning well and that his pacemaker battery life was about 11 months. If needed, his pacemaker battery change can be done while incarcerated and is a minor outpatient procedure done at an outside hospital not requiring any special accommodations. Likewise, if the pacemaker needed replacement this would similarly be done as an outpatient and should not cause any significant disruptions to his ability to function in the facility.

Gov't's Opp'n Ex. A (ECF No. 173-1).

BOP currently reports that FMC Devens has 0 inmates and 2 staff positive for COVID-19 and 45 inmates and 6 staff who have recovered.  See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Oct. 19, 2020), https://www.bop.gov/coronavirus/.

In its response, the government relies solely upon the Sentencing Commission's policy statement in Guideline 1B1.13, cmt. n.1(A).  See Gov't's

2

Opp'n at 9. I have previously ruled that the policy statement, which the Commission has not changed to reflect the First Step Act,[2] "provides helpful guidance" but "is not ultimately conclusive given the statutory change." United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances not specifically enumerated in the guidelines"). The Second Circuit has ruled that the Guideline applies only to motions brought by the Director of the Bureau of Prisons, not to motions for relief brought by defendants, and that nothing limits judges' discretion in considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," except that rehabilitation alone is not to be considered an extraordinary and compelling reason. United States v. Brooker, No. 19-3218-CR, 2020 WL 5739712, at *7-8 (2d Cir. Sept. 25, 2020).

I turn therefore to whether Landers has "extraordinary and compelling reasons" to reduce his sentence to time served.

Landers's primary care physician gives a very balanced assessment of Landers's current situation. She writes:

> Currently Mr. Landers does not have any of the CDC conditions which would put him at "high risk of severe illness from COVID 19". While he does have a valve replacement and pacemaker, he does not have the serious heart conditions considered by the CDC, including heart failure, coronary heart disease or cardiomyopathy. CDC also reports conditions [which] "might increase risk for severe illness from COVID-19". This includes asthma, stroke, high blood pressure, liver disease, type I diabetes, dementia, for

---

[2] Currently, the Commission lacks a quorum to amend the Guidelines.

> example.  Mr. Landers does not fall in any of these categories either.
>
> . . . .
>
> While he does not meet CDC criteria for increased risk of severe illness from COVID 19, there is certainly a theoretical basis for concern for more serious illness than an otherwise healthy 39 year old male would experience.  It is thought that depression, which Mr. Landers is being treated for, can suppress the immune system.  My experience is that individuals with substance abuse diagnoses are at higher risk for medical problems, possibly because of more than just poor self-care.  Having a foreign body in the heart (valve, pacemaker) can serve as a focus of infection, particularly with bacteria.  The impact of a virus, such as the SARS-COV2 virus is unclear.  These conditions present concerns which I believe would increase his risk of serious problems as compared to a healthy man of his age.
>
> Unfortunately, Covid 19 is a new disease and there are limited data and information about the impact of underlying medical conditions and how they increase risk for life-threatening illness from COVID 19.

Gov't's Opp'n Ex. A.  Although, as the doctor notes, there is "a theoretical basis" for Landers to be concerned, his condition under current circumstances does not amount to "extraordinary and compelling reasons" for his release at this early point in his sentence, given the state of medical knowledge.

The Amended Motion for Compassionate Release is **DENIED**.

**SO ORDERED.**

**DATED THIS 20TH DAY OF OCTOBER, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4